# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ARTHUR RAY ROBINSON | CIVIL ACTION NO. 19-1043 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| STATE OF LOUISIANA, ET AL. | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Petitioner Arthur Ray Robinson, a prisoner at David Wade Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on August 2, 2019, utilizing a form for filing complaints under 42 U.S.C. § 1983. [doc. # 1]. The undersigned, however, construes Petitioner's filing as a Petition for mandamus relief.

Petitioner names the following defendants/respondents: State of Louisiana, Parish of Caddo, Jerry Goodwin, Ramona L. Emanuel, James E. Stewart, Sr., James M. LeBlanc, Lillian Evans Richie, James E. Stewart, Sr., and Mike Spence.[1] For reasons that follow, the Court should dismiss this Petition.

## Background

Petitioner maintains that, on February 28, 2001, the Louisiana Second Circuit Court of Appeal ("the Second Circuit") reversed his conviction and sentence. [doc. # 1, p. 3]. Petitioner claims that the trial judge then resentenced him in his absence, which deprived him of his chance to raise "very critical legal issues and facts. . . ." *Id.* He contends that the trial court violated his "confrontation right to be present when a decision is being discussed [and] before" a final

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

decision is made.  *Id.* at 4.

Petitioner further maintains that the Second Circuit reversed his conviction and/or sentence on three occasions.  *Id.* at 3.  He suggests that the Second Circuit prejudiced his case "by taking the case through the number of [reversals]."  *Id.* at 4.  His concern in this respect, from what the undersigned can glean, is that, following each reversal, he was not permitted to appear before the trial judge at resentencing.  *Id.* at 5.

Petitioner's overarching concern, however, appears to be that the trial court has yet to resentence him—or clarify his sentence—following a May 1, 2019 order from the Second Circuit which reversed his sentence and remanded the matter "to the trial court for a determination of parole eligibility . . . ."  [See doc. #s 1, p. 5; 1-2, pp. 1-2].[2]  Of import, Petitioner's lone request is for this Court to order the state trial court to comply with the Second Circuit's order to determine his parole eligibility.[3]  [doc. # 1, p. 6].

## Law and Analysis

"Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651."  *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973).  "The district courts shall have original

---

[2] Petitioner attached a portion of the Second Circuit's May 1, 2019 order.  The undersigned obtained a complete copy of the order from the Second Circuit on August 27, 2019.  See *State of Louisiana v. Arthur Ray Robinson*, No. 52,776 (La. App. 2 Cir. 5/1/19) (on file with the undersigned).

[3] For context, the undersigned sets forth Petitioner's request for relief verbatim: "I would like for the court to give The 1st. J.D.C. Demanding order to comply with sentence that's authorized and directed by the law, follow the order of the Court of Appeal, Second Circuit State Of Louisiana Reviewing Court of the Lower Court, of the 1st. Judicial District Court, and not with an unreasonable delay of it's determination. [sic]."  *Id.*

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275.

Here, the Court lacks jurisdiction to grant the only relief Petitioner seeks: an order forcing the state trial court to comply with the appellate court's order to determine his parole eligibility. See *Sepeda v. Rex*, 72 F. App'x 215 (5th Cir. 2003) (holding that "the district court lacked jurisdiction to order the state courts to assist Sepeda in executing a state court judgment . . . ."); *Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003) ("The district court was within its authority to construe Rhodes' complaint as a petition for a writ of mandamus because Rhodes is merely seeking to have the federal court direct the state court to perform its duties as he wishes.").[4]

"[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Plaintiff should raise his concerns before the Louisiana courts. See generally *Alexander v. State of Mississippi*, 655 F. App'x 989, 992 (5th Cir. 2016) ("As to Alexander's due process claim arising from a state

---

[4] See also *Gowan v. Keller*, 471 F. App'x 288, 289 (5th Cir. 2012) ("To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief."); *Nowlin v. Stephens*, 548 F. App'x 286, 287 (5th Cir. 2013) (finding that the federal district court properly construed the following as a mandamus petition: petitioner's request to order the state's highest court to, in turn, order the state trial court to "file his postconviction application and brief that it had refused to file . . . ."); *Prestenbach v. Louisiana*, 2008 WL 5391994, at *1 (E.D. La. Dec. 19, 2008) (holding that the court had "no power" to order a state appellate court to provide the plaintiff "ruling on issues surrounding his pretrial commitment . . . .").

judge's alleged refusal to comply with a state court judgment, the plaintiff can seek a writ of mandamus in the state court of appeals.").

## Recommendation

Accordingly, **IT IS RECOMMENDED** that Petitioner Arthur Ray Robinson's Petition for mandamus relief, [doc. # 1], be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 30th day of August, 2019.

_____
Karen L. Hayes
United States Magistrate Judge